UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA<br>CDCR #J-48500,<br><br>        Plaintiff,<br><br>  vs.<br><br>JUDGE ANTHONY J. BATTAGLIA;<br>JUDGE JAN M. ADLER,<br><br>        Defendants. | Case No.: 3:18-CV-02301 JLS (BGS)<br><br>**ORDER DISMISSING CIVIL ACTION (1) FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a), AND (2) AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>(ECF No. 1) |

Plaintiff Steven Wayne Bonilla, currently incarcerated at San Quentin State Prison ("SQ") located in San Quentin, California, and proceeding pro se, has filed a civil rights complaint invoking federal jurisdiction pursuant to 42 U.S.C. sections 1981 and 1983. ECF No. 1 ("Compl.") at 3.[1]

Plaintiff's Complaint is titled as an "Objection" to an Order issued in *Bonilla v. McConnell*, No. 3:18-CV-02060 AJB (JMA) (S.D. Cal. Sept. 7, 2018) ("*McConnell*"), another civil rights action filed by Plaintiff and assigned to the Judges who are now named

---

[1] Plaintiff also alleges jurisdiction pursuant to 18 U.S.C. sections 241 and 242, *see* Compl. at 3, but those criminal statutes do not support a private cause of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (concluding that 18 U.S.C. sections 241 and 242 provide no private right of action and cannot form the basis for a civil suit).

as Defendants in this case. *See* Compl. at 1. Both this action and the underlying decision Plaintiff challenges in *McConnell* seek to "void" his Alameda County criminal judgment and death sentence, and request that this Court "release the innocent Petitioner from custody forthwith." *Id.* at 1–8; *cf. McConnell*, Compl., ECF No. 1, at 1–11.[2]

## I. FAILURE TO PAY FILING FEE OR REQUEST *IN FORMA PAUPERIS* STATUS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes* ("*Cervantes*"), 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The Prison Litigation Reform Act's ("PLRA") amendments to section 1915, however, require that every prisoner who is granted leave to proceed IFP must pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and

---

[2] In fact, the Court takes judicial notice that over the course of the last 18 years, Plaintiff has filed *more than 1,100* separate civil rights actions and habeas corpus petitions. Several of Plaintiff's more recent filings have been in the Southern District of California, but the vast majority have been filed in the Northern District of California, where Alameda County is situated. In 1992, Plaintiff was convicted by jury of first degree murder with special circumstances and sentenced to death in Alameda County, where he remains incarcerated. *See People v. Bonilla*, 41 Cal. 4th 313 (2007); https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=42b7617aedac4330bbf2ca0daeeafeb0 (last visited Dec. 13, 2018); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and quotations omitted).

demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King* ("*King*"), 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff did not pay the filing fee required to commence a civil action, nor has he filed a Motion to Proceed IFP pursuant to 28 U.S.C. sections 1915(a)(1) and (2). For this procedural reason alone, his case cannot proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

And while the Court would typically grant him leave to file an IFP Motion, Plaintiff has abused that privilege and is precluded from doing so by 28 U.S.C. section 1915(g) unless he claims to face "imminent danger of serious physical injury" at the time of filing. *See Cervantes*, 493 F.3d at 1051–52 (noting section 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). Plaintiff makes no such allegations here. *See In re Bonilla*, Nos. C 11-6306 CW (PR) *et seq.*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1, and October 31, 2011, alone, "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28

U.S.C. § 1915(g), he no longer qualifies to proceed *in forma pauperis* in any civil rights action.") (citing Order of Dismissal, *In re Bonilla*, Nos. C 11-3180 CW (PR) *et seq.*, at 6:23-7:19)).

## II. INITIAL SCREENING PER 28 U.S.C. § 1915A(b)

Even if Plaintiff had paid the full filing fee or were eligible to proceed IFP, however, 28 U.S.C. section 1915A, also enacted as part of the PLRA, requires *sua sponte* dismissal of prisoner complaints like his, or any portions of them, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1764 (2015). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted). As noted above, in this case Plaintiff again seeks to "void" his Alameda County criminal conviction and sentence, and to sue two of the Southern District of California judges assigned to one of his more recently-filed, repetitive, and unsuccessful efforts at doing so. *See* Compl. at 1.

As Plaintiff is now well aware, to the extent he seeks to render his capital conviction and sentence a "nullity," a writ of habeas corpus is his sole federal remedy. *See id.* at 6, 13. A lawsuit under 42 U.S.C. section 1983 is inappropriate. *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence."), *cert. denied*, 137 S. Ct. 645 (U.S. Jan. 9, 2017); *cf. Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("[Section] 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner . . . . [H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.").

The district court may dismiss a complaint "that merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (applying 28 U.S.C. § 1915(d) (re-codified at 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1)); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975) (dismissal of complaint as frivolous was not an abuse of discretion where plaintiff had filed other similar complaints); *Ortega v. Ritchie*, No. 18-CV-02944-HSG (PR), 2018 WL 3744154, at *2 (N.D. Cal. Aug. 7, 2018).

Because Plaintiff's case is frivolous, leave to amend is denied. *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if claims are classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend").

### III. CONCLUSION

For the reasons explained above, the Court:

1. **DISMISSES** this civil action based on Plaintiff's failure to pay the $400 civil filing and administrative fee required by 28 U.S.C. section 1914(a);

2. **DISMISSES** Plaintiff's Complaint (ECF No. 1) as frivolous pursuant to 28 U.S.C. section 1915A(b)(1);

3. **CERTIFIES** that an IFP appeal in this case would not be taken in good faith pursuant to 28 U.S.C. section 1915(a)(3); and

4. **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

Dated: January 7, 2019

Hon. Janis L. Sammartino
United States District Judge